UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61188-CIV-GOODMAN

CONSENT CASE

JOSE SILVEIRA,

      Plaintiff,

vs.

TRI-COUNTY SWEEPING SERVICES, INC., a
Florida for-profit corporation, and MICHAEL D.
LEVIN,

      Defendants.
_____/

**JOINT MOTON TO APPROVE FLSA SETTLEMENT AND DISMISS CASE WITH PREJUDICE**

The Plaintiff and the Defendants, by and through their undersigned attorneys, file this Joint Motion for Approval of Settlement Agreement and for Dismissal with Prejudice, and state as follows:

**PRELIMINARY STATEMENT**

The Plaintiff filed a Complaint against the Defendants, pursuant to the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 *et. seq.*, alleging the Defendants failed to pay him overtime compensation. To avoid the costs and uncertainty of litigation, the parties have negotiated a settlement of all claims by the Plaintiff against all the Defendants, the terms of which are described herein. These are the same terms that were agreed upon by the parties during a September 8, 2015 Settlement Conference (DE 18). Accordingly, the parties request that the Court approve the terms of the settlement agreement in this matter pursuant to Lynn's Food Stores Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), dismiss this case with

prejudice, and retain jurisdiction to enforce the terms of the parties' settlement. The parties' Stipulation of Dismissal is contingent upon the Court retaining jurisdiction to enforce the terms of the settlement agreement.

## MEMORANDUM OF LAW

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. See Lynn's Food Stores, Inc., 679 F.2d at 1350. To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Id. at 1354. If the settlement meets the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. Id; see also Sneed v. Sneed's Shipbuilding, Inc., 545 F.2d 537, 539 (5th Cir. 1977).

The Plaintiff filed this lawsuit against Defendants alleging that Defendants violated the FLSA by failing to pay overtime for work performed in excess of forty hours per week. The Defendants have vigorously defended against these claims, have maintained the Plaintiff was lawfully paid any wages due, and otherwise deny any violation of the FLSA. The parties also dispute the hours worked each week by the Plaintiff.

Here, the parties, through their respective attorneys, jointly and severally, have agreed to settle this case. *The parties hereto have not executed a separate* written agreement because the substantive terms of this Agreement were read in open court on September 8, 2015 (DE 18). The parties agree as follows:

a.  Defendants shall pay a total of $13,000.00 to settle this matter (comprised of $4,250.00 to Plaintiff as W-2 wages; $4,250.00 to Plaintiff as liquidated damages; and $4,500.00 to

      Bober & Bober, PA. as attorneys' fees and costs.[1]  The Defendants shall deliver to Plaintiff's counsel, the total settlement sum in three checks, within seven days of court approval of this Agreement.

b.    The Plaintiffs and the Defendants, through this Agreement, provide to each other a full General Release of all claims, complaints, and demands of any kind that could have been brought in the above styled litigation, or otherwise.

c.    The parties agree that they keep the terms and existence of this Agreement, confidential; however, it shall not be a breach of this covenant for the parties to discuss this Agreement with their attorneys, tax preparers, spouse, accountants or with taxing authorities.

d.    The parties hereto agree that Plaintiff shall not seek reemployment with Defendants in the future, and he will not be eligible for re-hire.

e.    This Agreement shall not be considered an admission of liability by the Defendants.  The Defendants specifically deny any liability to the Plaintiff.

f.    The Defendants shall within 7 days of court approval, provide the Plaintiff with a neutral job reference letter, stating Plaintiff's dates of employment with Defendants and job title. Defendants shall not reveal to prospective employers of Plaintiff, that Plaintiff brought litigation against them.

    The parties agree that the settlement terms, <u>supra</u>, represent a fair and equitable resolution of this matter in light of the contested issues in this case.  For these reasons set forth above, in addition to the fact that the parties were represented by competent counsel and the settlements promote judicial economy, the agreement is reasonable, and this Court should approve the

---

[1] A Declaration of Attorneys' Fees and Billing Records, respectively, are attached hereto as **Exhibit A**.

parties' Settlement Agreement.

WHEREFORE, the parties respectfully request that the Court enter an Order: (1) approving the terms of the Settlement Agreement as set forth herein, (2) dismissing this action with prejudice; (3) retaining jurisdiction to enforce the terms of the settlement as set forth herein; and, (4) granting the parties such further relief as the Court deems just.

Respectfully submitted this 18th day of September 2015 by,

| | |
|---|---|
| */s Peter Bober, Esq.*<br>FBN: 0122955<br>Bober & Bober, P.A.<br>1930 Tyler Street<br>Hollywood, FL 33020<br>Telephone: 954-922-2298<br>Facsimile: 954-922-5455<br>peter@boberlaw.com<br>samara@boberlaw.com<br>***Counsel for Plaintiff*** | /s. Douglas Ede, Esq.<br>FBN: 764787<br>Doug@madalonlaw.com<br>The Madalon Law Firm<br>100 North Federal Hwy., 4th Floor<br>Ft. Lauderdale, FL 33301<br>P 954.923.0072<br>F 954.923.0074<br>***Counsel for Defendants*** |